#### FOR THE

## COUNTY OF LAMOILLE.

### APRIL TERM, 1849.

---

#### PRESENT.

Hon. ISAAC F. REDFIELD,  
Hon. MILO L. BENNETT, } ASSISTANT JUDGES.  
Hon. DANIEL KELLOGG,  
Hon. LUKE P. POLAND,

---

### STATE *v.* HORATIO N. BRYANT.

One judge of the county court may take a verdict in a criminal case, the other judges being only temporarily absent.

The disclosure of the verdict in a criminal case, by the jury, by direction of the court, before the verdict is actually taken in court, is no cause for granting a new trial.

INFORMATION for rape. After verdict of guilty the respondent moved for a new trial; and upon the hearing of the motion the facts were found to be as follows. The jury, at a late hour of the night, signified their wish, by ringing the bell, for the court to attend and receive their verdict,—there having been no adjournment of the court, but a recess. One judge, only, attended in the

court room, where the jury appeared; and neither the clerk, nor the respondent, nor the state's attorney, was present. The judge inquired of the jury, whether they had agreed upon a verdict, and the foreman replied, that they had. The judge inquired, what the verdict was; and the foreman replied, that it was a verdict of guilty. The counsel for the respondent then signified his wish to have the jury polled, and the judge told the jury, that they must remain together and retain the case until the coming in of the court the next morning,—which they did; and then, upon being polled at the request of the respondent, who was present, they pronounced a verdict of guilty. The county court overruled the motion. Exceptions by respondent.

*Smalley & Phelps* for respondent.

*W. G. Ferrin,* state's attorney.

By the Court. Some questions are made in this case in respect to the regularity of the proceedings in taking the verdict. 1. It is said, that one judge of the county court cannot take a verdict. But we think there is no objection to such a course, if the others are only temporarily absent; they are potentially present, and will be called upon, if need be. 2. It is said, that the verdict was taken, when the prisoner was not present. But we think, it could hardly be said, that this was a taking of the verdict. 3. The disclosure of the verdict by order of the court could be no ground for setting aside the verdict, as it might be, if disclosed without the inquiry of the court. It does not seem to be within the evil complained of.

Judgment, that the respondent take nothing by his exceptions and motion, and that he be sentenced upon the verdict.